NO. 07-12-0314-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 JANUARY 3, 2013
 
 ______________________________
 
 
 BENJAMIN LARA RAMIREZ, APPELLANT
 
 V.
 
 THE STATE OF TEXAS, APPELLEE
 
 
 _________________________________
 
 FROM THE 31[ST] DISTRICT COURT OF GRAY COUNTY;
 
 NO. 6328; HONORABLE STEVEN EMMERT, JUDGE
 
 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
In 2004, Appellant, Benjamin Lara Ramirez, was placed on deferred adjudication community supervision for ten years for the offense of possession of marihuana in an amount of 2,000 pounds or less but more than fifty. On June 27, 2012, the trial court held a hearing on the State's Motion to Proceed with an Adjudication of Guilt. Appellant entered pleas of true to the allegations in the State's motion. After the trial court heard testimony in support of the State's allegations, it found Appellant violated the terms and conditions of his community supervision, adjudicated him guilty of the charged offense and sentenced him to ten years confinement and a $10,000 fine. In presenting this appeal, counsel has filed an Anders brief in support of a motion to withdraw. We grant counsels motion and as modified, affirm the judgment.
In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of Anders and In re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408. By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsels brief, should he be so inclined. Id. at 409 n.23. Appellant did not file a response. By letter, the State notified this Court it would not be filing a brief.
By the Anders brief, counsel does discuss one potential issue. He asserts the five year and three month delay between the filing of the State's motion to proceed and commencement of the adjudication hearing constitutes an undue delay if Appellant was prejudiced, thereby implicating Appellant's right to a speedy revocation hearing. However, after an analysis of the Barker v. Wingo factors, including Appellant's bond forfeiture for failure to appear, his failure to assert a right to a speedy trial until two weeks prior to his adjudication hearing, his failure to offer any evidence of prejudice, and the fact that the adjudication hearing was conducted within the term of his community supervision, counsel concludes Appellant was not prejudiced and that his right to a speedy revocation hearing was not violated.
We review an appeal from a trial court's order adjudicating guilt in the same manner as a revocation hearing. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2012). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. Cardona, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial courts revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). 
We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsels brief, we agree with counsel that there are no plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). 
 Reformation of Judgment
 In reviewing the record, it has come to this Court's attention that the trial court's Judgment Adjudicating Guilt contained in the clerk's record includes a clerical error. The summary portion of the judgment reflects that Appellant entered a plea of "NOT TRUE" to the allegations in the motion to proceed while the reporter's record reveals that Appellant in fact entered pleas of true to all allegations. 
 This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. Tex. R. App. P. 43.2(b). Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. Ashberry v. State, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." Id. at 529-30. Thus, we modify the trial court's Judgment Adjudicating Guilt to reflect a plea of "TRUE" under the summary portion of the judgment entitled Plea to Motion to Adjudicate. 
Accordingly, counsel's motion to withdraw is granted and as modified, the trial courts judgment is affirmed. 

Patrick A. Pirtle
 Justice

Do not publish.